IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NICHOLAS JOSEPH KINSTLE,                          Case No. 3:11CV25

           Petitioner

v.                                                     ORDER

STATE OF OHIO, et al.,

           Respondents

       On January 5, 2011, petitioner *pro se* Nicholas-Joseph Kinstle filed the above-captioned petition for writ of habeas corpus. Petitioner seeks to have a pending charge in the Ohio Court of Common Pleas dismissed on the ground that the Ohio court lacks jurisdiction to prosecute him.[1]

       A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws or treaties of the United States. In addition, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

       It is evident on the face of the petition that Kinstle has not exhausted his state court remedies, as he has not yet completed the criminal trial on the charges he seeks to have dismissed.[2] Further, federal interference in state criminal proceedings is disfavored, and the only exception to the rule against such interference is when irreparable injury, both great and immediate, to federally protected rights will otherwise occur. *Younger v. Harris*, 401 U.S. 37 (1971). An exception to the rule is not

---

[1] Petitioner asserts, for example, that the Foreign Sovereign Immunity Act has not been followed, that the Allen County Court of Common Pleas claims it is an Admiralty Court, and that he is not a corporation.

[2] See *State v. Kinstle*, Allen County Court of Common Pleas Case No CR 2010 0251, http://www.co.allen.oh.us.

warranted in this case. *See Dole v. Colorado*, No. 01-1092, 2001 WL 811898, fn.1 (10th Cir. July 18, 2001); *Hess v. Lewis*, No. 94-16944, 1996 WL 468615 (9th Cir. Aug. 12, 1996).

Accordingly, it is hereby:

ORDERED THAT Kinstle's petition be, and the same hereby is denied. This action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So ordered.

                                                            s/James G. Carr
                                                            United States District Judge